# United States Court of Appeals

*for the*

# Federal Circuit

PAULA JO HEARN,

*Petitioner,*

– v. –

DEPARTMENT OF THE ARMY,

*Respondent,*

– and –

MERIT SYSTEMS PROTECTION BOARD,

*Intervenor.*

PETITION FOR REVIEW OF THE MERIT SYSTEMS PROTECTION
BOARD IN NO. NY0371120120-L-1

## COMBINED PETITION FOR PANEL REHEARING AND REHEARING *EN BANC* FOR PETITIONER

CHRISTEN ARCHER PIERROT, ESQUIRE
55 Park Place
Lower Suite
East Aurora, New York 14052
(716) 553-9899

ANDREW P. FLEMING, ESQUIRE
CHIACCHIA & FLEMING, LLP
5113 South Park Avenue
Hamburg, New York 14075
(716) 648-3030

*Attorneys for Petitioner*

November 18, 2016

Form 9

FORM 9.  Certificate of Interest

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Paula Jo Hearn _____ v. Department of the Army _____

No. 13-3137 _____

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Christen Archer Pierrot _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

Paula Jo Hearn

_____

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

_____

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

N/A

_____

4.  ☐  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

N/A

_____

December 30, 2013 _____          /s/Christen Archer Pierrot _____
          Date                                              Signature of counsel

                                                   Christen Archer Pierrot _____
                                                   Printed name of counsel

Please Note: All questions must be answered
cc: _____

# TABLE OF CONTENTS

Table of Authorities ……………………………………………..    ii

I.     Federal Circuit Rule 35(b) Statement …..……………….……..    1

II.    Points of Law or Fact Overlooked or Misapprehended by the
Panel of the Court……………...……………………………..    2

III.    Summary of the Panel Decision……………………………………    3

IV.    ARGUMENT ……………………………………………………    4

     A) Federal Rule of Appellate Procedure 26(a) Governs the
        Computation of a Party's Time to Act ………………………    4

     B) Federal Rule of Appellate Procedure 26(c) Adds Three Days
        to the Computation of a Party's Time to Act Where the Time
        to Act Stems from the Service of a Document ...……………    5

     C) The Board's Act of Issuing Notice of its Decision Under
        5 U.S.C.A. § 7703 is the Act of Service and Not the Act of
        Filing …………………………………………………….……    6

     D) The Application of Rule 26(c) to the Computation of the Time
        Period Under Rule 26(a) Does Not Conflict with This Court's
        Prior Precedent That the Time to File a Petition for Review is
        Statutory, Mandatory, and Jurisdictional……………………..    14

# TABLE OF AUTHORITIES

## CASES

Arch Mineral Corp. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of
Labor, 798 F.2d 215 (7th Cir. 1986) ……………………………………..     8

Bradford v. Office of Pers. Mgmt.,
274 F. App'x 879 (Fed. Cir. 2008)………………………………………..     11

Dandino, Inc. v. U.S. Dep't of Transp.,
729 F.3d 917 (9th Cir. 2013)…………………………………………....     7

Dierkes v. Dep't of Labor,
397 F.3d 1246 (9th Cir.2005)………………………………………………..     7

Haroutunian v. INS,
87 F.3d 374 (9th Cir.1996)…………………………………………………..     6

Keselica v. S.E.C.,
No. 95-1012, 1995 WL 791488 (D.C. Cir. Dec. 5, 1995) …………………     12

Kessler Inst. for Rehab. v. N.L.R.B.,
669 F.2d 138 (3d Cir. 1982)……………………………………………….     14

Martinez-Serrano v. I.N.S.,
94 F.3d 1256 (9th Cir. 1996)…………………………………………………     8

Mashack v. Merit Sys. Prot. Bd.,
112 F. App'x 34 (Fed. Cir. 2004)………………………………………..     1, 11

Ouedraogo v. I.N.S.,
864 F.2d 376 (5th Cir.1989)…………………………………………………     8

Portley-El v. Milyard,
365 F. App'x 912 (10th Cir. 2010)……………….…………………….     1, 13

**Cases, Cont.**

R.P. v. D.C.,
276 F. App'x 1 (D.C. Cir. 2008)……………………………………………. 12

Stevedoring Servs. of Am. v. Dir., Office of Workers' Comp. Programs,
29 F.3d 513 (9th Cir.1994) ……………………………………………. 6

Trento v. Dennison,
No. 05–cv–5496, 2008 WL 400921 (S.D.N.Y. Feb. 14, 2008)…………… 1, 13

Willingham v. Dept. of the Navy,
526 F.App'x 975 (Fed. Cir. 2013) ……………………………………… 3, 10

Zaluski v. I.N.S.,
37 F.3d 72 (2d Cir.1994)……………………………………………… 8

**STATUTES**

5 U.S.C.A. § 7701(b) ……………………………………………. 1, 8-9, 14

5 U.S.C.A. § 7703(b)(1)(A) ……………………………………… *passim*

5 C.F.R. § 1201.14(j)…………………………………………... 1, 9, 14

5 C.F.R. § 1201.111 …………………………………………..… 1, 9, 14

**RULES**

Federal Rules of Appellate Procedure:
Rule 26 ……………………………………………………………… *passim*

## I.    Federal Circuit Rule 35(b) Statement

Based on my professional judgment, I believe the panel decision conflicts

with the following decisions: <u>Mashack v. Merit Sys. Prot. Bd.</u>, 112 F. App'x 34

(Fed. Cir. 2004); <u>Florida Rock Indus., Inc. v. United States</u>, 243 F.3d 555 (Fed.

Cir. 2000); <u>Trento v. Dennison</u>, No. 05–cv–5496, 2008 WL 400921 (S.D.N.Y. Feb.

14, 2008); and, <u>Portley-El v. Milyard</u>, 365 F. App'x 912 (10th Cir. 2010), among

others which stand for the same proposition.

Moreover, the panel's decision is contrary to the plain language of the

following statutes and/or codified rules and regulations: 5 U.S.C.A. § 7701(b); 5

U.S.C.A. § 7703(b)(1)(A); 5 C.F.R. § 1201.111; and, 5 C.F.R. § 1201.14(j).

Further, the panel's decision fails to analyze why F.R.A.P. 26(c) does not

apply to the filing of petitions for review under the new amended language of 5

U.S.C.A. § 7703, which now provides that the petitioner's time to file a petition for

review runs from the time that the MSPB "issues notice" of the decision. As a

result, there do not appear to be *any* published decisions in the years since the

amendment, which actually address the language change of § 7703. As a result,

this case presents a matter of first impression.

Based on my professional judgment, I believe this appeal requires an answer

to one or more precedent-setting questions of exceptional importance:

(1)    Did the panel err in holding that Federal Rule of Appellate Procedure 26(c) does not apply to a petitioner's time to file a petition for review under 5 U.S.C.A. § 7703, where § 7703 was amended to provide that the petitioner's time to file a petition for review is calculated from when the Merit System Protection Board "issues notice" of the decision sought to be reviewed and where the Merit System Protection Board is required to "issue notice" of the decision by serving all interested parties with same?

/s/ Christen Archer Pierrot
Christen Archer Pierrot, Esq.

## II.    Points of Law or Fact Overlooked or Misapprehended by the Panel of the Court

By determining that, "[t]he Board's filing of its decision on April 26, 2013 started the 60-day period under § 7703(b)(1)(A)," the panel overlooked the plain language of § 7703(b)(1)(A) which very clearly provides that, "any petition for review shall be filed within 60 days after the Board *issues notice* of the final order or decision of the Board."

In summarily asserting that F.R.A.P. 26(c) does not extend the date to file a petition for review, the panel not only overlooked the plain language of § 7703(b)(1)(A), but outright failed to explain why a time period that runs from the

Board's act of *issuing notice* of its decision is not entitled to the additional three days under F.R.A.P. 26(c).

Further, the panel misapprehended this Court's own prior decision in Willingham v. Dep't of the Navy, 526 F. App'x 975, 977 (Fed. Cir. 2013) as justification of why F.R.A.P. 26(c) does not apply, overlooking the fact that Willingham is entirely inapposite to the case at hand as it arose before the amendment of § 7703(b) and, thus, F.R.A.P. 26(c) would not have extended Willingham's time to file because, at that time, § 7703(b) provided that a petition for review must be filed within 60 days from the date of the petitioner's *receipt* of the Board's decision, and not from when the Board *issued notice* of its decision. There is no dispute that F.R.A.P. 26(c) did not and would not apply to a time period that runs from the date of *receipt*, instead of the date of *service*. As a result, Willingham did not speak to the issue of whether F.R.A.P. 26(c) would extend the time to file if the petitioner's time ran from the act of *issuing notice* of the decision.

## III.    Summary of the Panel Decision

The panel determined that Ms. Hearn's petition for review was filed on the 61st day after the Board sustained her removal from service. The panel determined that, despite the plain language of § 7703(b)(1)(A), "[t]he Board's *filing of* its

3

decision on April 26, 2013 started the 60-day period" in which Ms. Hearn could file her petition for review.

The panel, relying on inapposite case law, determined that F.R.A.P. 26(c) does not extend the time to file a petition for review under § 703(b)(1)(A).

## IV.    ARGUMENT

### A) Federal Rule of Appellate Procedure 26(a) Governs the Computation of a Party's Time to Act

F.R.A.P. 26(a), entitled "Computing Time," sets forth the rules as to how time periods are computed "in any local rule or court order, or in any statute that does not specify a method of computing time." It is instructive that Rule 26(a) applies, undisputedly, to the computation of the time period in which a petitioner must file her petition for review. For sure, no one would suggest that that a petitioner would be required to file her petition for review on a weekend or holiday, if the 60th day fell thereon. In turn, no one would claim that a petition for review, filed on the 61st or 62nd day, where the deadline fell on a weekend or holiday, would be untimely.

Under F.R.A.P. 26(a), and without the additional three days provided for under F.R.A.P. 26(c), Ms. Hearn's petition for review was due on June 25, 2013.

### B) Federal Rule of Appellate Procedure 26(c) Adds Three Days to the Computation of a Party's Time to Act Where the Time to Act Stems from the Service of a Document

F.R.A.P. 26(c) provides, under the heading "Additional Time after Service," that:

> When a party may or must act within a specified time after service, 3 days are added after the period would otherwise expire under Rule 26(a), unless the paper is delivered on the date of service stated in the proof of service. For purposes of this Rule 26(c), a paper that is served electronically is not treated as delivered on the date of service stated in the proof of service.

Fed. R. App. P. 26.

Importantly, the application of Rule 26(c) to enlarge a time period by three days is <u>not</u> an extension of time for good cause under Rule 26(b), instead it is, by virtue of its plain language, a rule to be applied in *computing* the time period in the first instance under Rule 26(a). Rule 26(c) applies to the computation of a time period which is triggered by service of a document, irrespective of whether good cause also exists for the enlargement under 26(b).

Thus, in Ms. Hearn's case, if she was entitled to add three extra days to the end of the time period originally computed under 26(a), her petition for review was due on or before Friday, June 28, 2013. Because her petition for review was filed on June 26, 2013, same would have been timely.

**C) The Board's Act of Issuing Notice of its Decision Under 5
U.S.C.A. § 7703 is the Act of Service and Not the Act of Filing**

Effective December 27, 2012, 5 U.S.C.A. § 7703(b) was amended from

providing that "any petition for review must be filed within 60 days after the date

the petitioner received notice of the final order or decision of the Board," to

providing that "any petition for review shall be filed within 60 days after the Board

*issues notice* of the final order or decision of the Board." [Emphasis added.]

Critically, Congress could have rewritten § 7703(b) to start the petitioner's

time to file from the date of entry of the decision, or the date of filing of the

decision, or simply from the date of the decision, itself. In fact, Congress could

have amended the language to start the time running from the date that the Board

merely *issues* its decision, but it did not. For sure, there are a number of instances

where Congress specifically stated that the period ran from the "issuance" of an

order. *See, e.g., See* Dierkes v. Dep't of Labor, 397 F.3d 1246, 1247 (9th

Cir.2005) (interpreting statute stating that "[t]he petition for review must be filed

within sixty days from the issuance of the Secretary's order"); Haroutunian v.

INS, 87 F.3d 374, 375 (9th Cir.1996) (interpreting statute stating that "a petition

for review may be filed ... not later than 30 days after the issuance of such

order"); Stevedoring Servs. of Am. v. Dir., Office of Workers' Comp. Programs, 29

F.3d 513, 515 n. 2 (9th Cir.1994) (interpreting statute stating that "any person

adversely affected or aggrieved by a final order may obtain a review of that order

6

... by filing in such court within sixty days following the issuance of such Board order a written petition").

The Ninth Circuit, in <u>Dandino, Inc. v. U.S. Dep't of Transp.</u>, 729 F.3d 917 (9th Cir. 2013), was charged with interpreting when a petitioner's time to file a petition for review started running under 49 U.S.C. § 521(b)(9), which provides that, "Any aggrieved person who, after a hearing, is adversely affected by a final order issued under this section may, within 30 days, petition for review of the order in the United States Court of Appeals . . ." <u>Id</u>. at 919. Clearly, the petition for review was due within 30 days, but the question was, 30 days from when?

After much careful consideration of the plain language of the statute and Congress's likely intentions based on its wording of same, the court rejected the assertion that the time to file started running from the date of issuance, writing:

> Given these repeated instances in which Congress has expressly stated that a period begins with the "issuance" of an order, the Agency has not explained why Congress declined to do so here. We therefore reject the Agency's suggestion that the limitations period runs from issuance of the order. We hold instead that under § 521(b)(9), a party may file a petition with the appropriate court of appeals for review of a final agency order within 30 days of actual notice of the order.

<u>Id</u>. at 920.

The Ninth Circuit, in <u>Dierkes v. U.S. Dep't of Labor</u>, 397 F.3d 1246 (9th Cir. 2005), held that the where the statute provided that the time to file ran from "issuance" of an Administrative Review Board decision, the time ran from the date

that the Board made its decision and was not contingent upon the Board's service of same. Id. at 1247. Relying on the Second and Fifth Circuits' decision in Zaluski v. I.N.S., 37 F.3d 72, 73 (2d Cir.1994) and Ouedraogo v. I.N.S., 864 F.2d 376, 378 (5th Cir.1989), the Ninth Circuit has also held that where a Board has its own regulations requiring service of the decision, then the "date of issuance" of the decision is not the date that the decision was rendered, but is the date that the order was served, pursuant to those regulations. Martinez-Serrano v. I.N.S., 94 F.3d 1256, 1258 (9th Cir. 1996). *But see* Arch Mineral Corp. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor, 798 F.2d 215, 217 (7th Cir. 1986) (Holding that where the language of the statute provides for an appeal within sixty days of the "issuance" of the "final order," the time for appeal runs from the date the decision is filed, rather than from the date an aggrieved party receives notice of the decision).

Here, however, Congress clearly intended for a petitioner's time to petition for review to begin running, not upon the Board's mere *issuance* of the decision, but upon the Board's *issuance of notice* of its decision. This, of course, begs the question what it means to *issue notice* of a decision. In that regard, it is instructive to look at the statute, rules, regulations, and actual practice of the Board.

5 U.S.C.A. § 7701(b)(1) provides that the "Board, administrative law judge, or other employee (as the case may be) shall *make* a decision after receipt of the

written representations of the parties to the appeal and after opportunity for a

hearing under subsection (a)(1) of this section," and, most importantly, that, "[a]

copy of the decision shall be *furnished* to each party to the appeal." 5 U.S.C.A. §

7701 (West) [Emphases added]. Thus, pursuant to this statute, the Board shall

make and then furnish its decision to each party; doing both would certainly seem

to satisfy the act of *issuing notice* of the decision.

Similarly, 5 C.F.R. § 1201.111, provides that "[t]he judge will *prepare* an

initial decision after the record closes, and will *serve* that decision on all parties to

the appeal, including named parties, permissive intervenors, and intervenors of

right." [Emphasis added.] Again, these actions together would satisfy the act of

*issuing notice* of the decision.

Finally, 5 C.F.R. § 1201.14(j), entitled "*Service of electronic pleadings and

MSPB documents,*" provides that:

> When MSPB documents are *issued*, e-mail messages will be sent to e-filers
> that *notify them of the issuance* and that contain links to the Repository
> where the documents can be viewed and downloaded. Paper copies of these
> documents will not ordinarily be served on e-filers.

> [Emphasis added.]

Here, the law actually references the two critical terms here; issuance and

notice. And, it explicitly provides that electronic service is one means by which

notice of a decision is, in fact, issued.

It can only follow that the Board *issues notice* of its decision when it furnishes, or *serves*, the decision, whether through its electronic service procedures or by mail or both. Indeed, each decision is accompanied by a Certificate of Service, certifying how each interested party was so served. [Appx1199A.] Specifically, the Board accomplishes electronic service by uploading the decision to the Repository at e-Appeal Online and e-mailing the registered e-filer recipients *notice* of the issuance of the document, together with links for access to the document (Appx1199B). The Board, of course, also accomplishes service by physically mailing the decision to those who are not registered e-filers (Appx1199A). Here, the decision was served on Ms. Hearn by regular mail and to her counsel and opposing counsel by electronic means. Id.

Thus, while F.R.A.P. 26(c) would not have applied to the pre-December 27, 2012 version of 5 U.S.C.A. § 7703 because, there, the time to file the petition for review was not triggered by the Board's *issuing notice* of the decision, but by the petitioner's receipt of the decision, it seems clear that 26(c) does and should apply to the most recent version of the statute.

While the Panel cited Willingham v. Dept. of the Navy, 526 F.App'x 975 (Fed. Cir. 2013) in support of its position that F.R.A.P. 26(c) does not apply to 5 U.S.C.A. § 7703, the fact of the matter is that the administrative decision being appealed in Willingham was dated April 2012, seven months before § 7703 would

be amended, changing a petitioner's time to file for review to run from when the Board *issues notice* of the decision, rather than from the petitioner's receipt of the decision. For sure, while Willingham argued that 26(c) applied to extend his time, he also correctly acknowledged that his time to seek review ran from his receipt of the decision. There is no dispute that F.R.A.P. 26(c) only applies to when a party must act within a certain amount of time after "service" of a document.

As a result, no one in <u>Willingham</u> properly made or considered the argument made here: That because of the December 2012 amendment to § 7703(b), F.R.A.P. 26(c) now applies. <u>Willingham</u> is inapposite to the case at hand.

Indeed, this Court's prior decisions all rejected the application of F.R.A.P. 26(c) to § 7703 because, at all times previously considered, a petitioner's time to file under § 7703 ran from receipt, and not service, of the decision. *See, e.g.,* <u>Bradford v. Office of Pers. Mgmt.</u>, 274 F. App'x 879 (Fed. Cir. 2008) (Holding that F.R.A.P. 26(c) does not apply to a petition for review since same is due within 60 days after the petitioner "received notice," not within 60 days of "service."); <u>Mashack v. Merit Sys. Prot. Bd.</u>, 112 F. App'x 34 (Fed. Cir. 2004) ("That rule permits adding three days to a prescribed period when a time limit is determined by the date of 'service' of another document, that is, the date of *mailing* of another document. Here, the timeliness of a petition for review is determined by the date of

'receipt' of the Board's final order, *see* 5 U.S.C. § 7703(b)(1), and thus Fed. R.App. P. 26(c) does not apply.").

Further, while there are a myriad of cases that reject (and properly so) the application of Rule 26(c) to apply to the filing of a notice of appeal, the important distinction is that the time to file a notice of appeal explicitly runs from the *date of entry* of the decision being appealed.

Indeed, this Court explained in <u>Florida Rock</u>, that "he 3-day extension under the rule applies only if the prescribed period runs from the *service* of some paper. If a prescribed period runs from a *filing* date, rather than from the date of service, the 3-day extension of time under Rule 26(c) is inapplicable." <u>Id</u>. [Internal citations omitted.] *See also*, <u>Keselica v. S.E.C.</u>, No. 95-1012, 1995 WL 791488, at *1 (D.C. Cir. Dec. 5, 1995) (rejecting the application of F.R.A.P. 26(c) to a petitioner's time to file a petition for review, where the statute governing his time to do so specifically provided that he could file "within sixty days after the entry of the order."); <u>R.P. v. D.C.</u>, 276 F. App'x 1 (D.C. Cir. 2008) (Holding that Rule 26(c) does not apply to the time to file a civil action under 20 U.S.C. § 1415(i)(2)(B), where the law provides that "[t]he party bringing the action shall have 90 days *from the date of the decision* of the hearing officer to bring such an action.").

That is simply *not* the case for petitions to review an order of an administrative agency inasmuch as 5 U.S.C.A. § 7703(b)(1)(A) specifically

provides that the time to file the petition runs from the date that the Board *issues notice* of the decision being reviewed.

This case is more closely analogous to the District Court for the Southern District of New York's decision, in <u>Trento v. Dennison</u>, No. 05–cv–5496, 2008 WL 400921 (S.D.N.Y. Feb. 14, 2008). There, the court held that a litigant had the three extra days, under F.R.A.P. 26(c), to file a motion under F.R.A.P. 4(a)(6), where F.R.A.P. 4(a)(6) provides that the time to make such a motion stems from when "the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry." <u>Id</u>. at *3. F.R.C.P. 77(d) provides that the clerk must serve notice of the entry, as provided in Rule 5(b), on each party. Thus, the court held that where the moving party's time to act starts running from when he receives notice *through service*, F.R.A.P. 26(c) applies.

Similarly, the Court of Appeals for the Tenth Circuit, in <u>Portley-El v. Milyard</u>, 365 F. App'x 912 (10th Cir. 2010), also held that the three-day grace period under F.R.A.P. 26(c) applied to the time limit under F.R.A.P. 4(a)(6)(B), explaining that "the seven-day prescribed period for responding was measured from the date of *receipt of notice* of the judgment through service-rather than from the date of entry of the judgment itself, then the ultimate due date for Mr. Portley-El to file his request to reopen was extended under Rule 26(c) by three calendar days to June 22, 2009." <u>Id</u>. at 918.

The National Labor Relations Board's rules and regulations contain a provision similar to F.R.A.P. 26(a) and (c), which governs the computation of a party's time to act and which allow for the addition of three days' time where the party must act in response to a notice or paper that is served on him. In <u>Kessler Inst. for Rehab. v. N.L.R.B.</u>, 669 F.2d 138, 139 (3d Cir. 1982), the Third Circuit held that the additional three days' time applied to a party's time to file exceptions to a report where the time period to do so ran from the "date of issuance of such report," inasmuch as issuance of the report was, in fact, service of same by the Board.

Here, the panel's determination that the Board's act of *issuing notice* is the Board's *filing* of its decision, rather than its *service* of the decision, completely ignores the plain language of 5 U.S.C.A. § 7703(b)(1)(A) and the requirements that the Board actually *issue notice* of its decision by serving same, pursuant to 5 U.S.C.A. § 7701(b)(1), 5 C.F.R. § 1201.111, and 5 C.F.R. § 1201.14(j).

### D) The Application of Rule 26(c) to the Computation of the Time Period Under Rule 26(a) Does Not Conflict with This Court's Prior Precedent That the Time to File a Petition for Review is Statutory, Mandatory, and Jurisdictional

Ms. Hearn is not asking for a discretionary extension of time under F.R.A.P. 26(b). Instead, she is simply asserting that Rule 26(c) should now apply to the

computation of the time period under 26(a) in the instant case inasmuch as the

Board's act of *issuing notice* of a decision is, in fact, *service* of that decision –

thereby entitling a petitioner to those extra three days. Because 26(a) and (c) are

merely rules regarding the objective *computation* of time, rather than the

discretionary *enlargement* of time, nothing prevents 26(c) from applying in the

instant case.

Dated:       November 18, 2016
             East Aurora, New York

                                    Respectfully submitted,


                                    /s/ Christen Archer Pierrot
                                    Christen Archer Pierrot, Esq.
                                    *Attorney for Petitioner*
                                    55 Park Place, Lower Suite
                                    East Aurora, New York 14052
                                    Telephone: (716) 553-9899
                                    E-Mail: cap@archerpierrot.com


                                    Andrew P. Fleming, Esq.
                                    *Attorney for Petitioner*
                                    5113 S. Park Avenue,
                                    Hamburg, New York 14075
                                    Telephone: (716) 648-3030
                                    E-Mail: aflem@cf-legal.com

ADDENDUM

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**PAULA JO HEARN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

**MERIT SYSTEMS PROTECTION BOARD,**
*Intervenor*

———————————

2013-3137

———————————

Petition for review of the Merit Systems Protection Board in No. NY-0731-12-0120-I-1.

———————————

Decided: October 4, 2016

———————————

ANDREW P. FLEMING, Chiacchia & Fleming, LLP, Hamburg, NY, for petitioner. Also represented by CHRISTEN ARCHER PIERROT, East Aurora, NY.

ALLISON KIDD-MILLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by

BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.; BRYAN E. MILLER, U.S. Army Corps of Engineers, Buffalo, NY.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for intervenor. Also represented by BRYAN G. POLISUK.

———————————

Before O'MALLEY, BRYSON, and STOLL, *Circuit Judges*.

PER CURIAM.

Paula Jo Hearn petitions for review of the Merit Systems Protection Board's ("Board") decision affirming the Department of the Army's ("Army") removal of Ms. Hearn from her position as a program analyst based on a suitability determination. *Hearn v. Dep't of the Army*, 119 M.S.P.R. 412 (M.S.P.B. 2013). Because Ms. Hearn failed to file a timely petition for review to this court, we must *dismiss* for lack of jurisdiction.

### DISCUSSION

### I

In the summer of 2011, the Army Corps of Engineers hired Ms. Hearn, subject to a background investigation, as a program analyst. After her interview for this position, Ms. Hearn submitted background paperwork noting that she had pled guilty to a misdemeanor of "exceed[ing] authorized access of computer," but she did not describe the circumstances of this guilty plea. During the background investigation, OPM discovered that, during Ms. Hearn's prior employment at a Department of Homeland Security ("DHS") detention center, Ms. Hearn had covertly monitored the telephone calls of her superiors and therein improperly learned sensitive information related to law enforcement and other private information about fellow employees. Ms. Hearn was arrested for these

actions, and pled guilty to the misdemeanor of "Fraud and Related Activity in Connection with Computers."

Based on the information uncovered in the background investigation, the Army removed Ms. Hearn from her position for suitability reasons. On April 26, 2013, the Board sustained Ms. Hearn's removal. *Hearn*, 119 M.S.P.R. at 412. Ms. Hearn seeks review of the Board's decision. She filed her petition for review at this court on June 26, 2013.

## II

Before addressing the merits, an appeals court must ensure that it has jurisdiction over the matters appealed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it.") (internal quotation marks and citations omitted).

On December 27, 2012, Congress limited this court's review of final decisions of the Board to those petitions "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Failure to comply with that statutory deadline prevents jurisdiction in this court. *See Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005) ("Compliance with the filing deadline of 5 U.S.C. § 7703(b)(1) is a prerequisite to our exercise of jurisdiction over this case."); *see also Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984) (stating that the filing deadline under 5 U.S.C. § 7703(b)(1) is "statutory, mandatory [and] jurisdictional"). Prior to the 2012 amendment, a petition for review must have been "filed within 60 days after the date the petitioner received notice" of the Board's decision. 5 U.S.C. § 7703(b)(1) (2011). With its April 26, 2013 decision pertaining to Ms. Hearn, the Board included a "Notice to the Appellant Regarding Your

Further Review Rights," stating specifically that the Federal Circuit "must receive your request for review no later than 60 calendar days after the date of this order." J.A. 1199.

The Army and the Board, as intervenor, contend that Ms. Hearn failed to comply with the 60-day statutory time limit for filing her petition for review, given that her petition was filed with this court 61 days after the Board issued its opinion.[1]   To be timely filed, a petition for review must be received by the Clerk of the Court on or before the date the petition is due.  Fed. R. App. P. 25(a)(2)(A).  Under § 7703(b)(1), Ms. Hearn's petition was due on June 25, 2013.  We therefore agree that Ms. Hearn failed to timely file her petition.

Ms. Hearn argues that her petition was timely because, under Federal Rule of Appellate Procedure 26(c), we must extend her time to file her petition for review by three days.  We disagree; this court has previously rejected the argument that Rule 26(c) extends the date to file a petition for review.  *See, e.g.*, *Willingham v. Dep't of the Navy*, 526 F. App'x 975, 977 (Fed. Cir. 2013).  The Federal Rules of Appellate Procedure also prohibit this court from extending the deadline for filing a petition for review from an administrative agency, except where authorized by law.  Fed. R. App. P. 26(b)(2).  Ms. Hearn has offered no citation to any authority that contradicts this interpretation.

In the alternative, Ms. Hearn contends that she and her counsel did not, in fact, receive the Board's decision on

---

[1]   Before the parties briefed the merits of this petition, the Army filed a motion to dismiss based on lack of jurisdiction.  We denied the motion and ordered the parties to address jurisdictional arguments in the merits briefing.

April 26, 2013. Ms. Hearn asserts that we should therefore calculate the permissible time for the filing of her petition for review based on when she actually received the Board's decision. This argument also fails. Under the Board's regulations, an e-filer is deemed to have received case documents on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2). The Board's filing of its decision on April 26, 2013 started the 60-day period under § 7703(b)(1)(A); this period ended on June 25, 2013. Ms. Hearn's request that we consider the date on which she claims actual receipt of the Board's decision in our analysis amounts to a request for equitable tolling. Our precedent is clear that the deadline to petition for review of a board decision is not subject to equitable tolling. *See, e.g.*, *Oja*, 405 F.3d at 1358–60. The time limit is statutory and jurisdictional; it cannot be waived. *See id.*

We find Ms. Hearn's remaining arguments to be without merit. Based on the record before us, it is clear that Ms. Hearn had notice of the new requirements for filing a petition for review under § 7703(b)(1) at the time the Board's decision was issued. Because Ms. Hearn's petition was filed after the 60–day period provided by statute, this court cannot exercise jurisdiction to address the merits of her case. *See, e.g.*, *Willingham*, 526 F. App'x. at 977–78; *Howard v. MSPB*, 392 F. App'x 857 (Fed. Cir. 2010) (dismissing for lack of jurisdiction a petition filed three days late by an e-filer); *see also* Fed. R. App. P. 25(a)(2)(A) (noting that "filing is not timely unless the clerk receives the papers within the time fixed for filing").

### DISMISSED

### COSTS

Each party shall bear its own costs.

# United States Court of Appeals
## for the Federal Circuit

## CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by Counsel for Petitioner to print this document. I am an employee of Counsel Press.

On November 18, 2016, Counsel for Petitioner has authorized me to electronically file the foregoing **Combined Petition for Panel Rehearing and Rehearing En Banc for Petitioner** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Upon acceptance by the Court of the e-filed document, 18 paper copies will be filed with the Court, via Federal Express, within the time provided in the Court's rules.

/s/ Robyn Cocho
Robyn Cocho